UNITED STATES of America

v.

**Felipa ALANIZ.**

**Crim. No. L–87–379.**

United States District Court,
S.D. Texas,
Laredo Division.

Dec. 15, 1987.

Carlos Martinez, Laredo, Tex., for U.S.

Roberto Izaguirre, McAllen, Tex., Jim Hogg, Hebronville, Tex., for Alaniz.

ORDER

KAZEN, District Judge.

The Court again considers the stop of a vehicle by a roving Border Patrol. This stop occurred on State Highway 16, south of Hebbronville, Texas, sometime between 6:00 a.m. and 7:00 a.m. The agent indi-

cated that he stopped the vehicle for the following reasons: it was a pickup truck with camper and with a tarpaulin covering the bed of the truck; there have been countless stops of undocumented aliens on this highway, often in similar vehicles; the truck bore a license plate from Starr County, Texas, on the Mexican border; when the truck and the patrol unit first crossed paths, the driver of the truck registered a look of surprise and fear; and when the patrol unit turned to follow the truck for approximately 4 miles, the truck driver drove erratically, weaving from side to side, and appeared to be frequently looking in the rear-view mirror.

No one factor determines the legality of the search. Instead it is the "totality of the circumstances" that must be considered. *United States v. Cortez,* 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981). A heavy volume of smuggling traffic in a particular area and a driver continuously looking in the rear-view mirror to observe Border Patrol agents have been held to be factors which can create a reasonable suspicion of criminal activity when weighed by an experienced officer. *United States v. Pallares–Pallares,* 784 F.2d 1231 (5th Cir.1986). Likewise a pickup truck with camper shell has been deemed a legitimate factor, particularly when the officer is aware of previous smuggling efforts in such vehicles. *United States v. Henke,* 775 F.2d 641, 644 (5th Cir.1985); *United States v. Garcia,* 732 F.2d 1221, 1224 (5th Cir.1984). The tarpaulin covering the bed of the truck, the erratic driving, and the somewhat early hour of the morning are also legitimate factors. While no one of these factors, standing alone, would suffice, the totality of them is enough to justify the stop.

After the stop, the Court is satisfied from the evidence that the Defendant consented to allow the agents to look in the bed of the truck under the tarpaulin. The obviously altered appearance of the bed of the truck, the strong smell of fresh glue and paint, and the Defendant's somewhat dubious statements as to what she was doing and where she was going, then gave the agents cause to believe that either undocumented aliens or some contraband was being carried in the secret compartment of the truck. This plus the Defendant's continuing consent would justify the search.

This case is a close one, but the motion is DENIED.